**In the Matter of Joseph D. MILLS, Mary W. Mills, Debtors.**

**Bankruptcy No. M–83–00259–4.**

United States Bankruptcy Court, E.D. North Carolina.

May 11, 1984.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the objections to distribution of proceeds filed by Pamlico Chemical Company, Inc., and North Carolina National Bank, creditors in this case. The objections were filed

in response to the Chapter 7 trustee's petition for an order of distribution. The objections are centered around a promissory note executed by the debtors and the extent to which the indebtedness represented by the note is secured by the debtors' property.

The Court finds the fact to be as follows:

## FINDINGS OF FACT

The debtors executed deeds of trust for the benefit of Washington Production Credit Association (PCA) on October 22, 1974, and November 2, 1979. Both deeds of trust were duly recorded and conveyed interests in the debtors' real property as security for "indebtedness evidenced by promissory notes now due or to become due or hereafter to be contracted within ten years from the date hereof, the maximum principal amount of all such indebtedness outstanding at any one time not to exceed $200,000.00...." The debtors also executed a security agreement on October 24, 1978, which gave PCA a security interest in the debtors' crops and farm equipment. The security agreement secured all indebtedness "due or to become due or hereafter to be contracted...." PCA filed a financing statement covering the crops and equipment on November 7, 1978, in the Beaufort County, North Carolina Registry.

On October 9, 1981, the debtors executed a promissory note to PCA in the amount of Sixty-Seven Thousand Three Hundred and No/100 Dollars ($67,300.00). The objection to distribution centers around that note. The note contained no reference to the earlier deeds of trust or any other security instrument. A separate loan application completed in connection with the note stated that all advances applied for "shall be secured by all instruments executed to Lender as security therefor, whether the advances are made before or after the assignment of the security instruments...."

The debtors filed their Chapter 7 bankruptcy petition on February 9, 1983.

PCA contends that the remaining debt owed by the debtors under the October 9, 1981, note is secured by real property conveyed as security by the deeds of trust of October 22, 1974, and November 2, 1979, and by personal property under the October 24, 1978, security agreement and the financing statement subsequently filed on November 7, 1978.

The objecting parties contend that the October 9, 1981, note did not comply with N.C.GEN.STAT. § 45–68 and, therefore, is not secured by the above-referenced deeds of trust. They further contend that said note is not secured by the debtors' personal property because it contained no reference to any prior security interest conveyed to PCA.

## ISSUE

The issue before the Court is whether the objections to distribution should be allowed. In deciding that issue it is necessary to consider separately the questions whether PCA's claim against the debtors in the amount of the balance owed on the October 9, 1981, note is secured by real property pursuant to the debtors' future advances deeds of trust; and whether said claim is secured by personal property pursuant to the debtors' future advances security agreement.

## CONSIDERATION OF ISSUE

Article 7 of Chapter 45 of the North Carolina General Statutes sets out the requirements for a valid future advances deed of trust. N.C.GEN.STAT. § 45–68 states that a deed of trust, otherwise valid, shall secure future obligations if:

(1) Such security instrument shows:

    a. That it is given wholly or partly to secure future obligations which may be incurred thereunder;

    b. The amount of present obligations secured, and the maximum amount, including present and future obligations, which may be secured thereby at any one time;

    c. The period within which such future obligations may be incurred, which period shall not extend more

than 10 years beyond the date of the security instrument; and

(2) At the time of incurring any such future obligations, each obligation is evidenced by a written instrument or notation, signed by the obligor and stipulating that such obligation is secured by such security instrument.

It is not disputed that the deeds of trust executed for the benefit of PCA met the requirements of § 45–68(1) above. The statutory provision upon which the objections to distribution are based, however, is § 45–68(2). Pursuant to § 45–68(2) the obligation incurred by the debtors under the October 9, 1981, promissory note could have been secured through a prior future advances deed of trust only if said note had contained a stipulation that the obligation was secured by such prior deed of trust. The note of October 9, 1981, contained no such stipulation nor any reference to existing security. Counsel for PCA argued at the hearing of this matter that the loan application executed in connection with the note provided the necessary reference to the prior deeds of trust. This argument must be rejected, for the application was an independent document and was not a writing that evidenced the indebtedness to PCA.

The requirements relative to future advances secured by personal property are found in the Uniform Commercial Code, Chapter 25 of the North Carolina General Statutes. "Obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment." N.C.GEN.STAT. § 45–68. Unlike the situation where a deed of trust is involved, there is no requirement that the promissory note evidencing a future obligation contain any reference to the previously executed security agreement. The Amended Official Comment to N.C.GEN.STAT. § 25–9–204(3) states the only requirement is that the "obligation be covered by the security agreement."

The debtors' October 24, 1978, security agreement clearly "covered" future ad-

vances and, in particular, the advance evidenced by the October 9, 1981, promissory note. There has been no question raised with respect to the mechanics of PCA's perfection of its security interest in the debtors' personal property. The Court notes, nonetheless, that PCA's financing statement was filed less than five years prior to both the execution of the note and the filing of the bankruptcy petition. See N.C.GEN.STAT. § 25–9–403(2).

CONCLUSIONS OF FACT AND LAW

■ The October 9, 1981, promissory note executed by the debtors contained no reference to the deeds of trust executed October 22, 1974, and November 2, 1979. The Court finds that the October 9, 1981, note did not comply with N.C.GEN.STAT. § 45–68(2), and the Court concludes that, as a result, the balance owed by the debtors on the Sixty-Seven Thousand Three Hundred and No/100 Dollars ($67,300.00) obligation evidenced by said note is not secured by the debtors' real property. The Court further concludes that the objections to the distribution of proceeds should be allowed except to the extent indicated below.

■ The security agreement executed for the benefit of PCA on October 24, 1978, provided for the securing of future advances. The security provided was personal property. There being no requirement under applicable law that the October 9, 1981, promissory note refer to the prior security agreement, the Court concludes that PCA had on the bankruptcy petition date a valid security interest in the personal property designated by the terms of said security agreement. The Court further concludes that the objections to distribution should be denied only to the extent that the balance presently owed PCA on the October 9, 1981, note is secured by the value of the personal property included in the October 24, 1978, security agreement.